### Felix Cornett v. The State.

#### No. 3966. Decided October 14, 1908.

**Burglary—Evidence—Explanation—Intimidation of Witness.**

Where upon trial for burglary defendant claimed that he had purchased the property recently found in his possession and which was taken from the burglarized premises, to show which he introduced a witness to prove this fact, and the witness denied any knowledge of the transaction; where upon consultation of witness with defendant's counsel the former stated that he had been threatened and that ·this was his reason for not testifying to the facts of said purchase, it was reversible error not to permit the defendant to re-examine the witness to show this fact.

Appeal from the District Court of Upshur. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with burglarizing a house occupied by three named parties. Some silver ware and a razor were taken from the house. Appellant was found in possession of the razor, at which time he stated he bought it from Ed Floyd. Ed Floyd was brought in and the matter came up again, and appellant continued to state that he had gotten the razor from Ed Floyd, and when interrogated with reference to other articles he stated that Floyd had hid them under a log. The parties went to the log on a certain road and failed to find the articles. They then went to another road, Floyd and appellant being with the officers, and near that road appellant found the silver ware or pointed it out and it was recovered. Floyd was not on trial but was used by the State as a witness and proved an alibi, and thus, from his standpoint, was not guilty of the burglary. Appellant introduced evidence that he bought the razor from Floyd, paying him 75 cents for it, and also evidence to the effect that Floyd's alibi was untrue, placing Floyd in such position that he could have committed the burglary and taken the goods. Among other witnesses tendered by appellant was Jerry Fisher. When Jerry Fisher was first placed upon the stand, upon direct examination, stated, in substance, that he knew nothing of appellant having purchased the razor from Ed Floyd, and that he did not remember of meeting Ed Floyd and defendant in the road at the Dunbar place. The bill further recites that this witness was not at that time cross-examined by the State; that after the witness retired from the stand appellant's counsel consulted with him, and placed him back upon the stand as a witness; that he then testified he saw defendant buy the razor from Ed Floyd. Appellant's counsel further asked this witness upon direct examination if anybody had threatened him and if that was why he did not testify when first placed upon the stand, to which question and answer the State objected, because of its immateriality, in the nature of hearsay, and the State could not be bound or prejudiced by outside parties making threats to witnesses. These objections were sustained by the court and witness was not permitted to answer. If witness had been permitted to answer he would have replied and stated that a cousin of Ed Floyd had threatened to hurt him if he testified about anything against Ed in the case. We are of opinion this testimony was admissible. Jerry Fisher when placed upon the stand denied any knowledge of the transaction. Appellant's defense was largely hinged upon the fact that he bought the razor from Floyd. He

introduced evidence to show that he did. Jerry Fisher, one of his main witnesses, was one of those upon whom he relied to prove that particular fact. When first placed upon the stand he denied any knowledge of the transaction. After consultation with appellant's counsel it was ascertained that he had been threatened, and this constituted his reason for not telling the fact in regard to the purchase from Floyd by appellant of the razor. This was a very important matter in the case. Fisher's testimony was directly in aid of appellant's defense, and it was very important that he should be permitted to explain, if he could, why, when first placed upon the stand, he denied all knowledge of the transaction. We are, therefore, of the opinion that this was of such importance that the rejection of this testimony should reverse the judgment.

We are of opinion that the other matters complained of are not of such moment as to require a revision.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*